IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STAR HOMES ENTERPRISES, LLC,

    Plaintiff,

v.

CATO RALPH ROLAND,
and ANDRE E. CATO,

    Defendants.[1]

CIVIL ACTION FILE NO.

1:17-CV-01380-TWT-JFK

## FINAL REPORT AND RECOMMENDATION

The above-styled case has been removed from the Magistrate Court of Gwinnett County [Doc. 1-1] and is before the undersigned on Defendant Andre E. Cato's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter

---

[1] It is unclear from the case-opening documents whether Cato Ralph Roland and Andre Cato (identified as Andre E. Cato, Andre R. Cato, and Andre Roland Cato) are, in fact, the same person or what the relationship is (i.e., co-tenants) if two different individuals.

jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

I.   **Background Facts**

Plaintiff Star Homes Enterprises, LLC ("Star Homes"), the owner of the real property commonly known as 3225 Ennfield Lane, Duluth, Georgia 30096, filed a dispossessory proceeding in the Magistrate Court of Gwinnett County, Georgia, on April 4, 2017, against Defendant Cato Ralph Roland ("Roland") and all others for failure to deliver possession of the premises after foreclosure sale. [Doc. 1 at 10 ("Dispossessory Proceeding")].[2] On April 19, 2017, Defendant Roland and Movant Andre E. Cato ("Cato") filed a notice of removal from the Magistrate Court of Gwinnett County, Georgia.[3] [Doc. 1-1 ("Petition of Removal")].

---

[2]The court's page citation is to the CM/ECF pagination.

[3]On the docket, Cato Ralph Roland is identified as the "Defendant" and Andre R. Cato identified as the "Movant[.]" [Doc. 1-1]. The court notes that only Defendant Cato has executed the request to proceed *in forma pauperis* and only Cato signed the removal paperwork. [Doc. 1]. The Dispossessory Proceeding identifies Cato Ralph Roland as the person in possession of the subject property. [Doc. 1-1 at 10].

## II. Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "'In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" SBS 276, LLC v. Walker, 2013 WL 3784988, at *2 (N.D. Ga. July 17, 2013) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)); and see Dabney v. Shapiro & Fishman, LLP, 2012 WL 10816231, at *2 (N.D. Fla. February 9, 2012) ("Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal

3

cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Although not clear from the paperwork filed by Defendant Cato, he apparently alleges as a basis for removal the court's federal question subject matter jurisdiction as well as jurisdiction based on diversity of citizenship. [Petition of Removal]. The court will first address federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses or counterclaims involving the Constitution or laws of the United States are ignored. See Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

Defendant Cato contends that Plaintiff's proceeding constitutes violations of 15 U.S.C. § 1692(a) and violates his constitutional rights as protected by the Seventh and

4

Fourteenth Amendments. [Petition of Removal]. In the present case, Plaintiff Star Homes relied exclusively on state law when it filed a dispossessory proceeding in the Gwinnett County Magistrate Court. [Dispossessory Proceeding]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Ikomoni v. Executive Asset Mgmt., LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq.*'") (citation omitted; emphasis added); see also Fennelly v. Lyons, 333 Ga. App. 96, 100, 775 S.E.2d 587, 592 (2015) (same). No federal question is presented on the face of Plaintiff's well-pleaded complaint. [Dispossessory Proceeding].

As noted, Defendant Cato also appears to base his removal on federal diversity jurisdiction. [Petition of Removal]. Section 1332(a) of Title 28 provides in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between - (1) the citizens of different States . . . ." 28 U.S.C. § 1331(a). Jurisdiction under this provision requires complete diversity of citizenship between the plaintiff and all defendants. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen

5

of the same state as any plaintiff."). Although Defendant alleges that there is diversity of citizenship with Plaintiff, no facts are presented to support that assertion. [Petition of Removal]. However, even if Defendant could establish complete diversity of citizenship, he cannot establish the requisite amount in controversy. See 28 U.S.C. § 1332(a)(1).

Plaintiff's dispossessory proceeding does not specify an amount of damages and only seeks the ejectment of Defendant Cato Ralph Roland and all others from the property due to failure to leave after the foreclosure sale. [Dispossessory Proceeding]. "[B]ecause [Plaintiff] has not pled a specific amount of damages, [Defendant] must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). The court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate. Burns, 31 F.3d at 1095; Novastar, 173 F. Supp. 2d at 1361 ("the status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal[,] . . . [t]herefore, the claims as asserted by the defendant are not to be considered when determining the propriety of removal and if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will

be futile and remand will follow") (citations and internal quotation marks omitted; emphasis in original); and see Anderson, 123 S. Ct. at 2062) (potential defenses or counterclaims involving the Constitution or laws of the United States are ignored).

As noted, Plaintiff seeks only Defendants' ejectment or removal from the property. "[T]his court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (citing Novastar, 173 F. Supp. 2d at 1361-62); accord U.S. Bank National Ass'n v. Sanders, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015). Therefore, as was true in Dhinoja and Novastar, Defendant Cato "cannot reduce the benefit sought to a monetary sum and there is no pecuniary amount in controversy. . . . Absent any measurable amount in controversy, the requirements of 28 U.S.C. § 1332 cannot be satisfied." Id. Accordingly, Defendant cannot show that the amount in controversy exceeds the $75,000 required for the court to have diversity jurisdiction as a basis for removal.

There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar,

AO 72A
(Rev.8/82)

107 S. Ct. at 2430. For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

Although Defendant Cato is not clear what type of injunctive relief he is seeking and the record is not clear as to what, if any, action has been taken in the dispossessory proceeding, Defendant asserts that Plaintiff "did foreclose on the property commonly known as "3225 Ennfield Lane Duluth, GA 30096 Gwinnett County." [Petition of Removal at 7]. Defendant is nonetheless advised that if an order of eviction or a writ of possession has been entered, "the Court cannot provide [Defendants] any [injunctive] relief." Aning v. Fed. Nat'l Mortg. Assoc., 2014 WL 12115976, at *7 (N.D. Ga. September 25, 2014). As stated by District Judge Cooper in Aning, "Courts have consistently held that the [Anti-Injunction] Act[, 28 U.S.C. § 2283,] precludes a district court from enjoining a state-ordered eviction." Id. (citing Paulo v. OneWest Bank, FSB, 2014 WL 3557703, at *5 (N.D. Ga. July 18, 2014); Baker v. CitiMortgage, Inc., 2013 WL 4217433, at *4 (N.D. Ga. August 14, 2013); Bailey v. Deutsche Bank Trust Co. Americas, 2013 WL 395969, at *1 (S.D. Ga. January 31, 2013)). Nor may this court act as an appellate court to review or overturn a magistrate court's final order in a dispossessory proceeding. See Sanders, 2015 WL 1568803, at *3 n.5; Sykes v.

JPMorgan Chase Bank, N.A., 2014 WL 12115999, at **8-9 (N.D. Ga. April 28, 2014); Paulo, 2014 WL 3557703, at *5.

Finally, Defendant Cato asserts that he filed for bankruptcy seeking protection under Chapter 13 on March 31, 2017, in the U. S. Bankruptcy Court in this federal district court. [Doc. 1-1 at 7, 12-13 (citing Bankruptcy Case No. 17-55909-IRC)]. Plaintiff states that despite bankruptcy, the property "known as 3225 Ennfield Lane Duluth, GA [ ] 30096 still went in foreclosure" on April 4, 2017. [Id.]. On this record, the commencement and existence of a related bankruptcy case within the Northern District of Georgia does not alter the Court's jurisdictional analysis.[4]

## III. Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County.

---

[4] To the extent Defendant Cato seeks to appeal any action taken in his bankruptcy proceeding, he is referred to 28 U.S.C. § 158(a) and the Federal Rules of Bankruptcy Procedure. See, e.g., Alleyne v. Bank of America, N.A., et al., N.D. Ga. Civil Action No. 1:16-CV-04048-SCJ (plaintiff's purported "removal" of underlying bankruptcy proceeding seeking to challenge foreclosure pursuant to numerous federal statutes found subject to dismissal for lack of subject matter jurisdiction), report and recommendation adopted December 20, 2016.

All matters referred to the undersigned have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 24th day of April, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)